IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Universal North America Insurance Co., | ) | C.A. No. 0:15-cv-3074-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| vs. | ) | |
| | ) | |
| Thomas Blair, Jr., and | ) | |
| Jerry T. Evans, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action, Universal North America Insurance Company ("Plaintiff"), seeks a declaratory judgment that it owes no obligation under a homeowners insurance policy issued to Thomas Blair, Jr. ("Blair"), to indemnify him as to the claims of Jerry T. Evans ("Evans") arising out of an incident that occurred on February 24, 2013. The matter is before the court on Plaintiff's motion for entry of default judgment. ECF No. 25. This motion is denied for the reasons set forth below.

Defendant Blair is in default. *See* ECF No. 19 (Clerk of Court's entry of default entered October 19, 2015). By virtue of his default, Defendant Blair has admitted all factual allegations of the complaint including but not limited to the following: (1) Blair was involved in an incident on February 24, 2013 for which he was arrested for assault and battery; (2) Evans was injured in this incident; and (3) for coverage to apply under the policy issued to Blair by Plaintiff, there must be an "occurrence."[1] Blair has also failed to contest that these facts provide a basis for precluding

---

[1] An "occurrence" is defined, in part, by the policy as an "accident." Plaintiff contends that this incident should not be considered an accident because it involved intentional conduct on the part of the insured.

coverage under the Policy of any claims by or against Blair arising out of the February 24, 2013 incident as non-accidental. Thus by virtue of this definition, and the default of Blair, Blair has admitted all allegations needed to support declaratory relief as to him.

However, Blair's default does not resolve all claims in the case as Evans, who is not in default, may seek to enforce a judgment on the policy.  Pursuant to Federal Rule of Civil Procedure 54(b), this court may enter a final judgment as to fewer than all of the parties "only if the court expressly determines that there is no just reason for delay."  Such is not the case here.  Therefore, because the claims against Blair are intertwined with those against his co-defendant, Evans, the court will defer entry of judgment as to Blair until the claims against Evans are also resolved. Plaintiff's motion for default judgment is **denied**.

    **IT IS SO ORDERED.**

                                                       s/ Cameron McGowan Currie
                                                      CAMERON MCGOWAN CURRIE
                                                      Senior United States District Judge

Columbia, South Carolina
February 16, 2016